Filed 12/18/20  P. v. Davalos CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JAIME DAVALOS, Defendant and Appellant. | B304384 (Los Angeles County Super. Ct. No. BA110432) |

APPEAL from an order of the Superior Court of Los Angeles County.  Leslie A. Swain, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This appeal from the denial of a petition for resentencing under Penal Code[1] section 1170.95 presents two issues we recently addressed in *People v. Nunez* (2020) 57 Cal.App.5th 78 (*Nunez*):  (1) May the superior court rely solely on the jury's felony-murder special circumstance finding to deny the petition for failure to make a prima facie showing that the petitioner falls within the provisions of section 1170.95?  and (2) May a defendant challenge a first degree murder conviction by attacking the validity of the jury's felony-murder special circumstance finding under the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) in a petition for relief under section 1170.95?

We resolve these issues in accord with our decision in *Nunez*, and hold that the superior court may deny a section 1170.95 petition after the prima facie review on the ground that a defendant convicted of murder with a felony-murder special circumstance finding (§ 190.2, subd. (a)(17)) is not, as a matter of law, eligible for resentencing under section 1170.95.  (*Nunez, supra*, 57 Cal.App.5th at pp. 83, 90–92; see also *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*); *People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978 (*Murillo*); *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140–1141, review granted Oct. 14, 2020, S264284 (*Galvan*); *People v. Gomez* (2020) 52 Cal.App.5th 1, 16–17, review granted Oct.14, 2020, S264033 (*Gomez*).)  As in *Nunez*, we also conclude that a section 1170.95 petition is not the proper vehicle for challenging a murder conviction by attacking, under our Supreme Court's

---

[1] Undesignated statutory references are to the Penal Code.

decisions in *Banks* and *Clark*, the jury's prior factual finding that the defendant was a major participant who acted with reckless indifference to human life, and that such claims may only be raised in a petition for habeas corpus. (See *Nunez*, at pp. 83, 95–97; *Allison*, *supra*, 55 Cal.App.5th at pp. 458, 461; *Gomez*, at pp. 16–17, rev.gr.; *Galvan*, at p. 1142, rev.gr.; *Murillo*, at p. 168, rev.gr.)

## FACTUAL BACKGROUND[2]

On February 8, 1995, Pedro Arcos was living with his girlfriend and her family in an apartment at the Maravilla housing project in East Los Angeles. Arcos had just started a construction job, and his truck with his tools was parked in the parking lot on the side of the building. Arcos's brother-in-law, Osvaldo Venegas, came home late that night and saw Julio Duenas, appellant, and Francisco Garcia drinking beer in the parking lot near Arcos's truck. All three men wore hooded black jackets.

Everyone in the residence was asleep when Venegas came home. After he had gone inside, Venegas heard a noise and looked outside to see Duenas and appellant dragging a milk crate from the back yard walkway to a neighboring house. The crate contained Arcos's tools from his truck. Venegas alerted his sister and Arcos, who both went outside. Arcos spoke to the three men and then returned to the house, angry because his truck had been broken into and his tools taken. Venegas pointed out where the

---

[2] The factual background is drawn from the trial transcript as well as the statement of facts in the prior opinion in the direct appeal in this case. (*People v. Davalos and Garcia* (Aug. 6, 1998, B109077) [nonpub. opn.] (*Davalos I*).)

tools were, and members of the family retrieved the tools and brought them inside.

Venegas then saw appellant or Duenas walk towards a dumpster in the parking lot and bend down to get something. The man looked up to see if anyone was watching and then bent down again, looking three or four times. The other two men stood nearby, within a couple of feet.

Shortly thereafter, there was a loud knock at the front door. The mother went to the door, and heard a voice outside cursing and demanding that the " 'ass hole' " come out. The mother responded, " 'Leave us alone. He does not live here.' " At that, the door was kicked open, hitting the mother and knocking her to the floor. The mother saw that the first person to enter had a gun in his hand, but she could not identify him.

According to Venegas, Duenas entered the house first, but Venegas did not see Duenas with a gun. Duenas and Arcos began to fight, and Duenas dragged the struggling Arcos into the mother's bedroom. While Duenas and Arcos were fighting in the bedroom, appellant came through the front door and hit Venegas in the face with a closed fist. Appellant continued on into the house. Venegas grabbed his mother and they ran out to the back yard with the rest of the family.

Venegas was about to jump over the patio fence to get help when Garcia, who was standing outside, pointed a gun at Venegas and said, " 'Don't do it.' " " 'You are going nowhere. Get your ass down.' " Venegas went to the ground. The rest of his family was huddled together on the ground, crying.

While Garcia was holding the family at gunpoint outside, Venegas could hear Arcos struggling and the sounds of slugging and banging on furniture in the bedroom. He heard two or three

4

voices; one of them said in Spanish, " 'Give me your money.  All I want [*sic*] was the tools to get some money.' "  Arcos responded, " 'I don't have any money.  Take whatever you want.  Leave us all alone.' "

At some point, Garcia started walking towards the front of the house.  As soon as Garcia left the back yard, Venegas jumped over the fence, broke into his neighbor's house, and called 911.  While he was doing that, he heard two gunshots and his sister yelled, " 'They shot him.  They shot him.' "  The assailants could be heard leaving the house through the front door.

Arcos was found dead in the bedroom lying in a pool of blood with his head in a bucket.  He had sustained three gunshot wounds, one to the head behind the right ear, one to his neck on a trajectory to the brain, and another to his right shoulder.

## PROCEDURAL BACKGROUND

Appellant and co-defendant Garcia were tried and convicted in 1996 of the first degree murder of Arcos.  (§§ 187, subd. (a).)  The jury made special circumstance findings that the murder was committed while appellant was engaged in the commission of a burglary and an attempted robbery.  (§ 190.2, subd. (a)(17).)  Both defendants were also convicted of first degree residential burglary (§ 459), attempted first degree robbery (§§ 211, 664), and second degree burglary of a vehicle (§ 459), with the finding as to all counts that a principal was armed with a firearm (§ 12022, subd. (a)(1)).  Appellant was sentenced to a state prison term of life without the possibility of parole for the murder conviction plus one year for the firearm enhancement, and a concurrent two-year term for the second degree burglary.  This court affirmed appellant's judgment of conviction on direct appeal.  (*Davalos I, supra,* B109077.)

5

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) in order to "amend the felony murder rule and the natural and probable consequences doctrine as it relates to murder to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Effective January 1, 2019, Senate Bill No. 1437 also added section 1170.95, creating a procedure whereby a person whose murder conviction is final, but who could not now be convicted based on Senate Bill No. 1437's amendments to sections 188 and 189, can petition to have the murder conviction vacated and to be resentenced.  (Stats. 2018, ch. 1015, § 4.)

On February 5, 2019, appellant filed a petition for writ of habeas corpus in which he alleged the evidence was insufficient to support the jury's special circumstance findings under *Banks* and *Clark*, and sought resentencing pursuant to section 1170.95. The superior court appointed counsel, and deemed the habeas petition a petition for resentencing under section 1170.95. Following briefing by the parties and a hearing to determine whether appellant had made a prima facie showing that he was entitled to relief, the superior court issued a written order denying appellant's petition on the ground that the felony murder special circumstance finding rendered appellant ineligible for relief as a matter of law.  Addressing appellant's arguments under *Banks* and *Clark*, the court also denied the petition on the ground that appellant was a major participant who acted with reckless indifference to human life.  This appeal followed.

## DISCUSSION

**The Superior Court May Deny a Section 1170.95 Petition in the Prima Facie Stage of Review on the Ground that a Petitioner Convicted of Murder with a Felony Murder Special Circumstance Finding Is Not, as a Matter of Law, Eligible for Resentencing Under Section 1170.95**

In order to obtain relief from his felony murder conviction under section 1170.95, a petitioner must make a prima facie showing that he "*could not* be convicted of first or second degree murder *because of* changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3), italics added; *Nunez, supra,* 57 Cal.App.5th at p. 90; *Allison, supra,* 55 Cal.App.5th at p. 457.) As the superior court determined here, appellant cannot, as a matter of law, make the requisite prima facie showing based on the jury's felony murder special circumstance findings in his case.

**A. *Given the jury's special-circumstance findings, the superior court correctly determined that appellant could still be convicted under the amended statute.***

By adding subdivision (e) to section 189, Senate Bill No. 1437 effectively made the crime of felony murder subject to the same elements of proof required for a special-circumstance finding under section 190.2, subdivision (d).[3] (*People v. Superior*

---

[3] Subdivision (d) of section 190.2 remains the same today as in 1996 when appellant was convicted (with the exception of the bracketed word "felony," omitted from the current version): "[E]very person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets,

7

*Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 907 [" 'the standard under section 189, subdivision (e)(3) for holding a defendant liable for felony murder is [now] the same as the standard for finding a special circumstance under section 190.2[, subdivision] (d), as the former provision expressly incorporates the latter' "]; *In re Taylor* (2019) 34 Cal.App.5th 543, 561.) Specifically, to be convicted of first degree murder under section 189 as amended, a participant in one of the felonies enumerated in subdivision (a) must have been the actual killer, *or* a direct aider and abettor who acted with the intent to kill, *or* "a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Here, appellant's jury was instructed that to find the special circumstance true (that is, murder in the commission of burglary or attempted robbery), it must be satisfied beyond a reasonable doubt that appellant was the actual killer (with or without the intent to kill), or he aided and abetted the murder with the intent to kill, *or*, "*with reckless indifference to human life and as a major participant*," he aided and abetted the commission of the burglary or attempted robbery which resulted in the

---

counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which [felony] results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

8

victim's death. (Italics added.) The jury was further instructed that "[a] defendant acts with reckless indifference to human life when that defendant knows or is aware that [his] acts involve a grave risk of death to an innocent human being." The jury found the special circumstance true as to both underlying felonies beyond a reasonable doubt, and thereby necessarily made the factual findings that appellant participated in the burglary and attempted robbery with the intent to kill Arcos, *or* he was a major participant in the underlying felonies who acted with reckless indifference to Arcos's life. Either of these findings would allow appellant to be convicted of first degree murder notwithstanding Senate Bill No. 1437's changes to section 189.

Because the jury's special circumstance finding shows as a matter of law that appellant could still be convicted of felony murder under section 189 as amended, the superior court correctly concluded that he cannot make a prima facie showing of eligibility for resentencing under section 1170.95 and properly denied relief. (*Allison, supra*, 55 Cal.App.5th at pp. 461–462 ["If the prior finding shows the petitioner meets the requirements for murder liability under amended sections 188 and 189, then it is not true that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, and the petition must be denied"]; *Nunez, supra*, 57 Cal.App.5th at p. 95.)

**B. *Appellant may not challenge the jury's factual findings under* Banks *and* Clark *in the context of a section 1170.95 resentencing petition.***

Appellant seeks to avoid the preclusive effect of the special circumstance finding to his section 1170.95 claim by challenging the validity of the jury's special circumstance factual findings under our Supreme Court's decisions in *Banks* and *Clark*.

Asserting that "[t]he jurisprudential role of *Banks* and *Clark* in assessing [appellant's] claims within the framework of section 1170.95 cannot be ignored," appellant argues the evidence is insufficient as a matter of law to support the jury's finding that he acted with reckless indifference in light of the new criteria established in those decisions.[4] We disagree.

Following an examination of two United States Supreme Court cases (*Enmund v. Florida* (1982) 458 U.S. 782; *Tison v. Arizona* (1987) 481 U.S. 137), *Banks* explained that to determine whether the defendant acted with reckless indifference, courts must "look to whether a defendant has ' "knowingly engag[ed] in criminal activities known to carry a grave risk of death." ' " (*Banks*, *supra*, 61 Cal.4th at p. 801.) Specifically, "[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*) In *Clark*, the court put it this way: " 'reckless indifference' . . . encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Clark*, *supra*, 63 Cal.4th at p. 617.)

To assist appellate review of a jury's reckless indifference finding, *Clark* set out a series of considerations relevant to determining whether a defendant had acted with reckless

---

[4] Appellant does not dispute that the evidence was sufficient to support the finding that he was a " 'major participant' " in the underlying offenses, even under *Banks* and *Clark*.

10

indifference to human life.[5] (*Clark, supra*, 63 Cal.4th at pp. 618–622.) But "[j]ust as [the court] said of the factors concerning major participant status in *Banks*, '[n]o one of these considerations is necessary, nor is any one of them necessarily sufficient' " to establish whether a defendant acted with reckless indifference to human life. (*Clark*, at p. 618, quoting *Banks, supra*, 61 Cal.4th at p. 803.)

Most importantly, *Banks* and *Clark* did not create new law. Rather, the high court in those cases "simply stated what section 190.2, subdivision (d) has always meant." (*In re Miller* (2017) 14 Cal.App.5th 960, 979 & 978 (*Miller*) [*Banks* and *Clark* "merely clarified the 'major participant' and 'reckless indifference to human life' principles that existed when defendant's conviction became final"]; *Nunez, supra*, 57 Cal.App.5th at p. 92; *Allison, supra*, 55 Cal.App.5th at p. 458.) Indeed, our Supreme Court has not required any new jury instruction on the clarifications, and no mandatory language or material changes have been made to the CALJIC or CALCRIM special circumstance instructions since *Banks* and *Clark* were decided. (Compare CALJIC No. 8.80.1 (1996 rev.) (6th ed. 1996) with CALJIC No. 8.80.1 (Fall 2015 rev.)

---

[5] "The only necessary difference between a pre-*Banks* and *Clark* felony-murder special-circumstance finding and one returned after *Banks* and *Clark* arises at the level of appellate review: If the finding was challenged on direct appeal before *Banks* and *Clark*, appellate review of the sufficiency of the evidence to support the finding was not informed by *Banks* and *Clark*." (*Nunez, supra*, 57 Cal.App.5th at p. 93, fn. 7; *People v. Price* (2017) 8 Cal.App.5th 409, 450–451 (*Price*) [*Banks* and *Clark* decisions govern judicial review for sufficiency of the evidence rather than the facts or elements a jury was required to find].)

11

(Sept. 2020 ed.); see also *Nunez*, at p. 92; *Gomez*, *supra*, 52 Cal.5th at p. 14, fn. 6, rev.gr. [CALCRIM No. 703 before *Banks* and *Clark*]; CALCRIM No. 703 (2020 ed.).) Rather, while both CALJIC No. 8.80.1 and CALCRIM No. 703 now include *optional* language drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, neither *Banks* nor *Clark* held that the trial court has a sua sponte duty to instruct on those factors. (*Price*, *supra*, 8 Cal.App.5th at pp. 450–451 [jury instructions that omit the *Banks* and *Clark* factors are not defective]; *Allison*, at pp. 458–459]; Bench Notes to CALCRIM No. 703 (2020 ed.) p. 452.)

In short, as we observed in *Nunez*, "the felony-murder special-circumstance instructions given *post-Banks* and *Clark* do not necessarily differ at all from pre-*Banks* and *Clark* felony-murder special-circumstance instructions—the factors, issues, and questions the *post-* and pre-*Banks* and *Clark* juries consider to make the [major participant/reckless indifference] finding are exactly the same. Accordingly, whether a jury made a *post-* or pre-*Banks* and *Clark* [major participant/reckless indifference] finding, that finding establishes as a matter of law the defendant's ineligibility for relief under section 1170.95 because he was found either to have participated in the specified felony with the intent to kill, *or* he was a major participant who acted with reckless indifference to human life and could still be convicted of murder notwithstanding the changes to section 189." (*Nunez*, *supra*, 57 Cal.App.5th at p. 93.)

In this regard, we reiterate our disagreement with the decisions in *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted July 7, 2020, S262011 (*Torres*), *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*),

12

and *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954 (*York*) because all three of these cases misinterpret the scope and effect of *Banks* and *Clark*.

According to these courts, because "the factual issues that the jury was asked to resolve [before the *Banks* and *Clark* decisions] are not the same factual issues our Supreme Court has since identified as controlling," such findings should not be treated "as if they resolved key disputed facts." (*Torres*, *supra*, 46 Cal.App.5th at p. 1180, rev.gr.; *Smith*, *supra*, 49 Cal.App.5th at p. 93, rev.gr.) *York* went a step further, holding that for purposes of section 1170.95, a pre-*Banks* and *Clark* jury finding that the defendant acted with reckless indifference to human life as a major participant should be treated as if that finding simply did not exist. (*York*, *supra*, 54 Cal.App.5th at p. 258, rev.gr.; *Nunez*, *supra*, 57 Cal.App.5th at p. 94.) However, contrary to these decisions' holdings, we find "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a *post-Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards. The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a *post-Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt." (*Nunez*, *supra*, 57 Cal.App.5th at p. 94.)

Finally, as we noted in *Nunez*, "jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack, regardless of whether they were subjected to appellate review. Nothing in *Banks* or *Clark* supports the automatic invalidation or disregard

13

of such findings by a properly instructed jury." (*Nunez, supra*, 57 Cal.App.5th at p. 94.)

**C. *The sole avenue for challenging the evidentiary support for the jury's finding that appellant acted with reckless indifference to human life lies in a habeas petition.***

Appellant contends that the evidence here is insufficient to support a felony murder special circumstance finding under *Banks* and *Clark*, and thus asserts that such evidence cannot "sustain a first degree felony-murder conviction based on aider abettor culpability absent the aider/abettor's intent-to-kill." According to appellant, because the prosecution failed to establish beyond a reasonable doubt that appellant was ineligible for resentencing, the matter must be remanded to the trial court which must vacate the murder conviction and resentence appellant on the remaining counts of conviction pursuant to section 1170.95, subdivision (d)(2) and (3). We disagree.

The flaw in appellant's argument is that it presumes the interchangeability of a petition for habeas corpus and one for resentencing relief under section 1170.95 to challenge a felony murder conviction. But Senate Bill No. 1437 contains no indication in its text or history that the Legislature intended to permit defendants to challenge their murder convictions by attacking prior findings of fact. Indeed, the Legislature made plain that its purpose in enacting section 1170.95 was to give defendants the benefit of the amendments to sections 188 and 189 in the absence of a factual basis for a murder conviction in light of the statutory revisions. As the court in *Allison* observed, "subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary

14

facts if given a second chance. Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*." (*Allison, supra,* 55 Cal.App.5th at p. 461.)

Accordingly, as we held in *Nunez*, the sole avenue of relief for defendants whose pre-*Banks* and *Clark* special circumstance findings cannot withstand post-*Banks* and *Clark* scrutiny is by way of a petition for habeas corpus in which the petitioner would properly bear the burden of proof.[6] (*Nunez, supra,* 57 Cal.App.5th at pp. 95–96; *Galvan, supra,* 52 Cal.App.5th at p. 1142, rev.gr. ["If [appellant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a

---

[6] As *Galvan* noted, the guidance given by our Supreme Court in *Banks* and *Clark* amounted to such a significant clarification of the law that "courts have allowed defendants to challenge the validity of pre-*Banks* and *Clark* special circumstance findings via habeas corpus, making an exception to the rule that ordinarily bars a defendant from challenging the sufficiency of the evidence in a habeas petition." (*Galvan, supra,* 52 Cal.App.5th at p. 1141, rev.gr.; see *In re Scoggins* (2020) 9 Cal.5th 667, 673 ["Where a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision"].) Thus, unlike its preclusive effect with respect to his petition under section 1170.95, appellant's direct challenge to the sufficiency of the evidence in support of the jury's special circumstance findings in *Davalos I* would not bar a habeas petition because this court's rejection of the substantial evidence challenge was made without the benefit of the *Banks* and *Clark* clarifications.

15

petition for writ of habeas corpus"]; *Murillo, supra*, 54 Cal.App.5th at p. 168, rev.gr.)

*Gomez* recognized that permitting a defendant with a pre-*Banks* and *Clark* felony murder conviction to challenge the special circumstance finding under section 1170.95 would unfairly shift the burden of proof normally applicable to *Banks* and *Clark* habeas claims from the petitioner to the People. The court explained:

"In an evidentiary hearing on a section 1170.95 petition to determine whether there is sufficient evidence to support her murder conviction on a felony-murder or natural and probable consequences theory, the People would bear the burden of proof beyond a reasonable doubt. (§ 1170.95, subd. (d)(3).) To make its true findings on the special circumstance allegations against [the defendant], the jury was required to find that [the defendant] either acted with the intent to kill, or that she was a major participant who acted with reckless indifference to human life in the robbery and kidnapping of [the victim]. The People should not be required to prove beyond a reasonable doubt, a second time, that [the defendant] satisfied those requirements for the special circumstance findings. Considering the different burdens of proof in a habeas corpus proceeding and a proceeding under section 1170.95, we conclude that a petition for writ of habeas corpus is the appropriate vehicle for [the defendant] to challenge her special circumstance findings. If [the defendant] were to succeed in challenging the special circumstance findings in a habeas corpus proceeding, she would then be in a position to successfully petition under section 1170.95 to vacate her murder conviction." (*Gomez, supra*, 52 Cal.App.5th at p. 17, rev.gr.; *Nunez, supra*, 57 Cal.App.5th at p. 96; see also *Galvan, supra*, 52

16

Cal.App.5th at pp. 1142–1143, rev.gr. [expressing concern over the disparate treatment of defendants based solely on the dates of their convictions].)

This is precisely the procedural course of *People v. Ramirez* (2019) 41 Cal.App.5th 923 (*Ramirez*). In 2003 Ramirez had been convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17) that he was an aider and abettor and major participant in a robbery who had acted with reckless indifference to human life. He was sentenced to life without the possibility of parole, and in his direct appeal this court held substantial evidence supported the special circumstance finding. The California Supreme Court denied review. (*Id.* at p. 926.) Ramirez filed a petition for habeas corpus in this court in 2017, challenging the evidentiary support for the major participant and reckless indifference findings under *Banks* and *Clark*. (*Id.* at pp. 926–927.) We granted the petition, struck the special-circumstance finding, and remanded the matter for resentencing. (*Id.* at p. 927.) On remand, Ramirez was sentenced to a term of 25 years to life for the murder conviction. (*Ibid.*)

Following the enactment of Senate Bill No. 1437, Ramirez filed a petition under section 1170.95 to modify his first degree murder sentence. The trial court denied the petition on the ground that Ramirez was not entitled to relief as a matter of law, reasoning that " '[t]he appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was not the actual killer and was convicted of murder on a theory of being a direct perpetrator and with the intent to kill or a major participant and with reckless indifference to human life. The jury also found the special circumstances under Penal Code

17

section 190.2(a)(17) to be true, which the opinion affirmed.' " (*Id.* at p. 928.) On appeal from the denial of the petition, we reversed pursuant to the mandatory language of section 1170.95, subdivision (d)(2),[7] holding that in light of our prior habeas determination, "[i]t is beyond dispute that this court found that the defendant was not shown to have been a major participant in the underlying felony, or to have acted with reckless indifference to human life. [Citation.] Under these circumstances, the trial court was required by section 1170.95, subdivision (d)(2) to vacate the conviction and resentence defendant on the remaining counts." (*Id.* at p. 933.)

Here, unlike the defendant in *Ramirez*, appellant did not first pursue his habeas claim under *Banks* and *Clark*, but filed a hybrid petition in which he attempted to shoehorn his *Banks* and *Clark* claim into a petition for resentencing under section 1170.95. But to allow appellant to maintain his evidentiary challenge to the special- circumstance findings in the context of section 1170.95 rather than by way of habeas would not only do violence to the legislative focus in enacting Senate Bill No. 1437, but it would unjustifiably relieve appellant of the burden of proving his claim under *Banks* and *Clark*.

---

[7] Subdivision (d)(2) of section 1170.95 provides in relevant part: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."

**D.** *Appellant is not entitled to another jury trial to determine whether he was a major participant in a felony who acted with reckless indifference to human life.*

Appellant contends that because the Legislature is presumed to have incorporated the *Banks* and *Clark* "redefinitions" of " 'major participant' " and " 'reckless indifference to human life' " into its amendments to sections 188 and 189 (see *People v. Marinelli* (2014) 225 Cal.App.4th 1, 6 [" 'The Legislature is presumed to have knowledge of existing judicial decisions when it enacts and amends legislation' "]), Senate Bill No. 1437 effectively created a "new theory of culpability which was never decided by [appellant's] jury." Appellant thus maintains he is now constitutionally entitled to a new jury determination by proof beyond a reasonable doubt whether he acted with reckless indifference to human life as a major participant in the burglary and/or attempted robbery. The argument lacks merit.

First, as we have discussed, our Supreme Court did not create new law, but merely clarified the law as it had existed all along. (*Miller, supra*, 14 Cal.App.5th at p. 979.) The elements for a special circumstance conviction under section 190.2, subdivision (d) in place at the time of appellant's conviction remained the same after *Banks* and *Clark*, and were unchanged by the enactment of Senate Bill No. 1437. In the wake of *Banks* and *Clark* juries were not asked to make any additional or different factual findings in order to find the special circumstance true, nor did the Supreme Court mandate a different jury instruction than the one given to appellant's jury. (See *Price, supra*, 8 Cal.App.5th at pp. 450–451.) Thus, there is no "new

19

theory of culpability" upon which the superior court based its denial of the resentencing petition.

Second, although the Legislature was undoubtedly aware of the *Banks* and *Clark* decisions when it enacted Senate Bill No. 1437, it made no distinction between felony murder convictions with special circumstance findings incurred before or after those decisions in its amendments to sections 188 and 189. In structuring section 1170.95 relief in this manner, the Legislature clearly understood that a defendant stands validly convicted of a felony-murder special circumstance until it is actually overturned under *Banks* and *Clark*. Moreover, Senate Bill No. 1437 contains not even the slightest hint that the Legislature intended to give defendants with pre-*Banks* and *Clark* special circumstances findings another jury trial in which to challenge allegedly deficient prior fact-findings. Rather, section 1170.95, subdivision (d)(3) sets forth the procedure for the hearing after the petitioner has made a prima facie showing he or she is entitled to relief and the trial court has issued an order to show cause. As our colleagues in Division Seven recently held, that procedure calls for the superior court—not a jury—acting as independent factfinder to "determine whether the evidence establishes a petitioner would be guilty of murder under amended sections 188 and 189 and is thus ineligible for resentencing." (*People v. Rodriguez* (Dec. 7, 2020, B303099) __ Cal.App.5th __ [p. 27].)

Finally, appellant's Sixth Amendment claim that he is entitled to a jury trial on the "new theory of culpability" fails because the retroactive relief afforded by Senate Bill No. 1437 represents an act of lenity by the Legislature that does not implicate appellant's Sixth Amendment rights. (See *People v.*

20

*Anthony* (2019) 32 Cal.App.5th 1102, 1156–1157 [rejecting Sixth Amendment right to jury in section 1170.95 proceedings]; see also *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 (*Perez*) [a trial court may make determinations of fact based on new evidence regarding a petitioner's eligibility for resentencing under Prop. 36 because retroactive application of the benefits from the proposition are a legislative act of lenity that does not implicate 6th Amend. rights].)

　　"Under the Sixth Amendment, any fact other than the fact of a prior conviction that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." (*Perez, supra*, 4 Cal.5th at p. 1063.) However, a section 1170.95 proceeding is a collateral sentence modification proceeding unrelated to the criminal trial process. It is not a plenary resentencing hearing, and presents no possibility of an increase to a petitioner's sentence. (*Dillon v. United States* (2010) 560 U.S. 817, 828 [rejecting Sixth Amendment right to jury in limited resentencing proceeding based on downward modification of applicable sentencing guidelines].)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


                              LUI, P. J.

I concur:



CHAVEZ, J.

*People v. Davalos*, B304384

ASHMANN-GERST, J., Concurring in the judgment.

I agree with the opinion of the court that the trial court properly denied defendant and appellant Jaime Davalos's petition for resentencing (Pen. Code, § 1170.95).[1]  The jury's special circumstance finding was sufficient to allow defendant to be convicted of first degree murder notwithstanding the changes made to section 189.  Thus, the trial court properly concluded that he could not make a prima facie showing of eligibility for resentencing under section 1170.95 and properly denied him relief.  I also agree that this finding stands under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

In light of this conclusion, I see no need at this point to weigh in on whether defendant can use section 1170.95 to challenge his murder conviction by attacking a prior factual finding pursuant to *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 or if he must proceed by writ of habeas corpus.  (See *People v. Nunez* (2020) 57 Cal.App.5th 78, 97–99 (conc. opn. Ashmann-Gerst, J.).)


_____, J.
ASHMANN-GERST

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.